UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL DIXON, JR.,

        Plaintiff,

Case Number 23-12667
Honorable David M. Lawson

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

## OPINION AND ORDER VACATING ORDER TO CORRECT DEFICIENCIES, GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES, AND DISMISSING COMPLAINT WITH PREJUDICE

Plaintiff Samuel Dixon, Jr., a prisoner in the custody of the Michigan Department of Corrections, filed this lawsuit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was "excluded by militia," presumably from membership in an unorganized militia. Dixon is not represented by an attorney. His complaint does not contain much factual content. He did apply to proceed in this court without prepayment of fees. He satisfies the indigency criteria. However, after conducting the screening required by the Prison Litigation Reform Act (PLRA), it appears that the complaint must be dismissed as frivolous.

I.

The complaint contains very little in the way of factual allegations. Dixon asserts that the rights being violated are those found under a section of the Michigan Military Act titled "Organized militia; unorganized militia." Mich. Comp. Laws § 32.509. This section states that "[t]he unorganized militia consists of all other able-bodied citizens of this state and all other able-

bodied citizens who are residents of this state who have or shall have declared their intention to become citizens of the United States, who shall be age 17 or over and not more than age 60," distinguishing it from the "organized militia," which includes national guard units, among others. *Ibid.*

Dixon states four times in his complaint that he is being excluded from the Michigan Militia. Compl. at 4, 5, 7, ECF No. 1, PageID.4, 5, 7. He does not attribute this exclusion to the Michigan Department of Corrections or any other person or entity. Dixon asserts he is familiar with the militia, and that his claim arose at Michigan State University in Spring 2010 and at the Oaks Correctional Facility in December 2016. *Id.* at 6, PageID.6. He describes his injuries as "identity theft," and the remedy he seeks is "[r]estoration" with no further elaboration. *Id.* at 8, PageID.8.

Dixon filed a petition to proceed without prepayment of the filing fees but failed to provide the required certified institutional trust account statement. He also filed a letter with the Court explaining that the "MDOC will not process" his request for the account statement. The magistrate judge entered an order requiring him to correct the deficiency. ECF No. 6.

II.

When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Also, the Prison Litigation Reform Act (PLRA) requires the Court to examine a prisoner's complaint when it is filed and to dismiss it before service on a defendant if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Dixon's complaint suffers from a number of defects. First, the complaint must be dismissed because the sole named defendant, the Michigan Department of Corrections, is immune from suit. Lawsuits against the Michigan Department of Corrections are "'barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has expressly abrogated Eleventh Amendment immunity." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). "Michigan has not consented to the filing of civil rights suits against it in federal court." *Ibid*. (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). And Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Second, Dixon does not outline a cause of action in his complaint that this Court can redress. He appears to invoke the federal civil rights statute, 42 U.S.C. § 1983, as the basis of his lawsuit. To state a claim under that statute, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986);

*Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). Dixon alleges that he was excluded from the state militia, and he cites Michigan statutes for the rights he believes have been violated. But section 1983 does not itself create rights; it merely provides access to federal courts to vindicate the violation of rights created by "the Constitution and laws" of the United States. 42 U.S.C. § 1983. It "does not apply to state law claims." *Savage v. City of Pontiac*, 743 F. Supp. 2d 678, 683 (E.D. Mich. 2010), *aff'd*, 483 F. App'x 943 (6th Cir. 2012) (citing *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990)).

Third, Dixon's complaint does not describe a redressable cause of action. A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ibid*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*,

550 U.S. at 555-56 (citations and footnote omitted). Dixon has made no allegations that link the sole defendant — the Michigan Department of Corrections — to his exclusion from the Michigan Militia.

Fourth, the events that Dixon describes in his complaint allegedly occurred in 2010 and 2016. If the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim). The Court may raise the statute of limitations issue on its own when screening a civil rights complaint. *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, *2 (6th Cir. March 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)); *Scruggs v. Jones*, 86 F. App'x 916, 917 (6th Cir. 2004) (affirming district court's *sua sponte* dismissal of civil rights complaint on statute of limitations grounds); *Watson v. Wayne Cnty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (holding that a court may raise the statute of limitations issue *sua sponte* when the defense is apparent on the face of the pleadings).

As noted above, the plaintiff's claim is brought via 42 U.S.C. § 1983. Section 1983 does not provide a statute of limitations. Instead, the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury in the forum state. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905-06 (6th Cir. 1988) (citing *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985)). Michigan's three-year statute of limitations for

personal injury claims, Mich. Comp. Laws § 600.5805(8), "governs section 1983 actions when the cause of action arises in Michigan," *McCune*, 842 F.2d at 905.

The statute of limitations begins to run when the cause of action accrues, which, in a section 1983 action, "is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (quotation marks and citations omitted)).

Dixon says that he was excluded from the militia at Michigan State University in the Spring of 2010 and while at the Oaks Correctional Facility in December 2016. Nothing in Dixon's filing suggests that he recently became aware of these exclusions, and it appears that he had adequate information available to him to complain about them at the time. So he should have brought his claim, if he had a claim, by the Spring of 2013 and by December 2019, respectively. However, his complaint was not filed in this court until October 20, 2023.

Michigan amended its laws in 1993 to eliminate imprisonment as a disability that would toll the statute of limitations. *See* Mich. Comp. Laws § 600.5851(9). Nor does Michigan law encourage equitable tolling of a period of limitations; rather tolling must be based on a statute. The Michigan Supreme Court has allowed that "[e]quitable tolling . . . has a legal basis arising out of our common law, and it may be invoked when traditional equitable reasons compel such a result." *McDonald v. Farm Bureau Ins. Co.*, 480 Mich. 191, 204, 747 N.W.2d 811, 819 (2008). But that court also has asserted that equity does not "trump an unambiguous and constitutionally valid statutory enactment." *Devillers v. Auto Club Ins. Ass'n*, 473 Mich. 562, 591, 702 N.W.2d

539, 556 (2005). It has reasoned that "if courts are free to cast aside a plain statute in the name of equity, even in . . . tragic case[s] . . ., then immeasurable damage [would] be caused to the separation of powers mandated by our Constitution." *Trentadue v. Buckler Lawn Sprinkler Co*, 479 Mich. 378, 406-07, 738 N.W.2d 664, 680 (2007) (citing *Devillers*, 473 Mich. at 591, 702 N.W.2d at 556-57).

The statute of limitations applicable to prisoner civil rights complaints under 42 U.S.C. § 1983 is tolled while a prisoner exhausts the administrative grievance process because the PLRA requires a prisoner to exhaust "administrative remedies" before filing suit under § 1983. *Surles v. Andison, et al.*, 678 F.3d 452, 458 (6th Cir. 2012); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). However, there is no indication that the plaintiff even pursued available administrative remedies before filing this action. And the MDOC's grievance policy provides a timeline for the filing of grievances, appeals, and responses that would span a maximum of five months. (A Step I grievance must be filed within 5 business days of the failure of an informal attempt at resolution; a response must be filed within 15 days with a possible 15-day extension; then a Step II appeal must be filed within 10 days, and a response must be filed within 15 days with a possible 15-day extension; then a Step III appeal must be filed within 10 days, with a response generally filed within 60 days. *See* MDOC Policy Directive 03.02.130.) Allowing for the maximum exhaustion time periods, the plaintiff's October 20, 2023 filing still would be late.

Because of these several defects, Dixon's complaint must be dismissed.

III.

Dixon filed a petition to proceed without prepayment of the filing fee, but that petition was not in full compliance with the requirements of 28 U.S.C. § 1915(a)(2). He was ordered to correct

the lack of a certified trust account statement, but he responded with an explanation that he was unable to obtain such a statement from the MDOC. ECF No. 4.

It appears that Dixon attempted to obtain the required statement but was unsuccessful. As another Court within this District observed when it granted Dixon *in forma pauperis* status, Dixon reports his gross pay is $11.84 per month and he has no other source of income[,]" and he has only $137.00 in a savings or checking account. *See Dixon v. Michigan Dep't of Corrs. Control Ctr.*, No. 23-12668, Order, ECF No. 4, PageID.21. Dixon has demonstrated his indigency, and the order requiring him to correct his filing deficiency will be vacated.

IV.

The plaintiff's complaint is frivolous because it seeks relief from a defendant that is immune from suit, it is untimely, and it fails to state a claim upon which relief may be granted. The PLRA, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), therefore requires the Court to dismiss the case summarily.

Accordingly, it is **ORDERED** that the Order directing plaintiff to correct a filing deficiency (ECF No. 6) is **VACATED**, and his application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

It is further **ORDERED** that complaint is **DISMISSED WITH PREJUDICE**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Date: January 16, 2024